UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MIGUEL ANGEL DORANTES,<br><br>　　　　Defendant. | Case No. 1:15-CR-167-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it defendant Dorantes' motion to amend the Presentence Report (PSR). The Court has reviewed Dorantes' brief and the record to decide this motion. For the reasons explained below, the Court will deny the motion.

## ANALYSIS

On April 25, 2017, Dorantes was sentenced to 144 months imprisonment after pleading guilty to possessing a controlled substance with an intent to distribute. In calculating the Adjusted Offense Level for purposes of setting a Guideline range, the PSR imposed a 2-point enhancement because the offense involved a dangerous weapon. *See PSR (Dkt. No. 198)* at ¶ 41. That enhancement was based on the following information contained in the PSR:

1. "During the exchange [between Dorantes and an undercover investigator on January 14, 2015], Miguel Dorantes stated that he had two firearms for sale. Miguel Dorantes agreed to sell one of the firearms in exchange for $350. Miguel Dorantes told the undercover investigator that he would

**Memorandum Decision & Order – page** 1

> contact the person who had the firearm and arrange for the transaction . . . . Miguel Dorantes continued to attempt to reach the person in possession of the firearm, but was ultimately unsuccessful. No firearm transaction took place on this date." *Id.* at ¶ 16.
2. "On January 30, 2015, investigators arranged to purchase a quantity of methamphetamine and a firearm. Miguel Dorantes met with the undercover investigator at the prearranged location. During their conversation, Miguel Dorantes told the undercover investigator that he brought the firearm. Miguel Dorantes stated that he also had another firearm for sale. Miguel Dorantes retrieved the firearm from the other vehicle, and provided the drugs and firearm to the undercover investigator in exchange for $1,600." *Id.* at ¶ 17.
3. "On May 28, 2015, the undercover investigator contacted Miguel Dorantes and told him that he was in the area and willing to complete the purchase of drugs and the firearm. Miguel Dorantes told the undercover investigator that he was out of the area, but "his guy" [Alberto Lopez] was going to meet with him. They agreed to purchase a quantity of methamphetamine and a handgun. The undercover investigator provided Alberto Lopez with $2,000 and received the methamphetamine contained within the blue bag. During the course of their conversation, the undercover investigator inquired about the firearm. Alberto Lopez advised the undercover investigator that the area was "hot," and they were not able to complete the firearm transaction at that time." *Id.* at ¶¶ 29-30.

In his motion now pending before the Court, Dorantes argues that the Court, during sentencing, found that there "was no indication that Dorantes himself possessed that firearm as part of his drug trafficking, and therefore the 2-level firearm enhancement stated in the [PSR] is not applicable and warrants amending." *See Motion (Dkt. No. 222)* at p. 2.

The Court will deny this request for several reasons. First, Dorantes did not object to the 2-point firearm enhancement at the time of sentencing, and voluntarily dismissed his appeal. It is too late now to challenge that enhancement. Second, Dorantes' characterization of the Court's findings at sentencing is not entirely accurate. The full quote from the sentencing transcript is as follows: "Although there was no indication that

**Memorandum Decision & Order – page** 2

the defendant possessed firearms in connection with his distribution efforts, it is clear that he did agree to facilitate the controlled purchase of a firearm during the course of the conspiracy. *See Sentencing Transcript (Dkt. No. 218)* at p. 24. Third, Dorantes does not point to any specific inaccuracies in the PSR's account of the various sales transactions quoted above that form the basis for the 2-point firearm enhancement.

For these reasons, the Court will deny the motion.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to amend the presentence report (docket no. 222) is DENIED.

DATED: May 14, 2019

B. Lynn Winmill
U.S. District Court Judge