UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL ANGEL DORANTES,<br><br>Defendant. | Case No. 1:15-cr-00167-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Miguel Angel Dorantes' Motion for Compassionate Release (Dkt. 234) and the Government's Motion to Dismiss (Dkt. 237). After considering the briefing and record, the Court will dismiss the Motion for the reasons set forth below.

# BACKGROUND

On April 25, 2017, after pleading guilty pursuant to a Plea Agreement to a charge of possession of a controlled substance with intent to distribute, Mr.

MEMORANDUM DECISION AND ORDER - 1

Dorantes was sentenced to 144 months imprisonment. *Judgment*, Dkt. 208. The Presentence Report had calculated a guideline range of 168-210 months after factoring in a two-level enhancement for possession of a firearm, a two-level adjustment for being an organizer or leader of the criminal activity, and a two-level adjustment for obstruction of justice. *PSR* at 10-11, Dkt.198. The Court imposed a sentence below the guidelines for reasons not relevant here.

Mr. Dorantes filed a notice of appeal, but subsequently voluntarily dismissed the appeal. *USCA Order*, Dkt. 221. A few months later, he filed a Motion for Order Directing Amendment to Presentence Report (Dkt. 222) requesting that the Presentence Report be amended to remove the firearm enhancement so he would be eligible to participate in the Bureau of Prisons' Residential Drug Abuse Program (RDAP) successful completion of which could lead to a reduction in sentence of up to one year. *See* 18 U.S.C. § 3621(e). The Court denied the request because essentially it was too late to challenge the enhancement. Mr. Dorantes had not challenged the enhancement at sentencing, had not objected to the PSR's account of the sales transactions that formed the basis for the enhancement, and had dismissed his appeal. *Mem. Dec.*, Dkt. 226.

The Government seeks dismissal of Mr. Dorantes' motion on the grounds that he did not comply with the administrative exhaustion requirement of 18 U.S.C.

**MEMORANDUM DECISION AND ORDER - 2**

§ 3582(c)(1)(A).

## LEGAL STANDARD

To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). A defendant must have first "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" or thirty days must have elapsed "from the receipt of such request by the warden of the defendant's facility, whichever is earlier." *Id*.

"[A] district court must enforce the administrative exhaustion requirement . . . when the government properly invokes the requirement." *United States v. Keller*, 2 F.4th 1278, 1280 (9th Cir. 2021). *See also United States v. Alam*, 960 F. 3d 831, 833; 835 (6th Cir. 2020) (affirming dismissal of motion for compassionate release without prejudice where government timely objected to failure to exhaust); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (finding remand to the district court to consider compassionate release request was futile given the defendant's failure to exhaust and the "glaring roadblock" that the exhaustion requirement presents).

If the exhaustion requirement is met, the court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons"

**MEMORANDUM DECISION AND ORDER - 3**

for a reduction exist and the court concludes that the 18 U.S.C. § 3553(a) sentencing factors do not weigh against such release. *Keller*, 2 F.4th at 1283-84 (citing *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021)).

## ANALYSIS

Mr. Dorantes submitted a letter to the Court which was docketed as a Motion for Release from Custody. Indeed, the letter states that he is asking the Court to grant him compassionate release or sentence reduction. However, the substance of his letter is more akin to a challenge to his sentence. Mr. Dorantes mentions that defense counsel "took [him] by surprise in not explaining things to [him] more thoroughly." He challenges the leadership and firearm enhancements, the latter of which he states is precluding him from participation in the RDAP program. He does not appear to be claiming that extraordinary and compelling reasons exist warranting his release under 18 U.S.C. § 3582(c)(1)(A).

The Government has raised the failure to meet the exhaustion requirement in § 3582(c)(1)(A) by noting that Mr. Dorantes has not submitted any proof that he requested the Warden of his facility to bring a motion on his behalf. Further, the Government has communicated with the Bureau of Prisons which has no record that Mr. Dorantes had made such a request to the Warden. Therefore, the Court must dismiss the motion on the grounds of Mr. Dorantes' failure to exhaust his

administrative remedies.

Considering the motion as a challenge to his sentence, it is subject to dismissal as well. As stated above, Mr. Dorantes dismissed his appeal which the Court presumes challenged the enhancements. He cannot now appeal. The only remaining way to challenge his sentence was to file a 28 U.S.C. § 2255 motion to collaterally attack the sentence. However, the time for doing so has long since expired. As relevant here, a § 2255 motion must be filed within one year of the date on which the judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1).

## ORDER

**IT IS ORDERED that** Miguel Angel Dorantes' Motion for Compassionate Release from Custody (Dkt. 234) is **DENIED**.

DATED: August 10, 2022

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5