UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL ANGEL DORANTES,<br><br>Defendant. | Case No. 1:15-cr-00167-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Defendant has filed a pro se motion for reduction of sentence. *See* Dkt. 244. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

On April 25, 2017, this Court sentenced Defendant to 144 months' imprisonment after he pleaded guilty to distribution of a controlled substance. *See Apr. 25, 2017 Judgment*, Dkt. 208. His Total Offense Level was 35 and his Criminal History Category was I, which yielded a guidelines range of 168 to 210 months' imprisonment. *See Statement of Reasons,* Dkt. 207.

## LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgement and may not be modified by a district court except in

MEMORANDUM DECISION AND ORDER - 1

limited circumstances. 18 U.S.C. § 3582(b). "Section 3582(c)(2) establishes an exception to the general rule of finality[.]" *Dillon v. United States*, 560 U.S. 817, 824 (2010). Specifically, § 3582(c)(2) provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission…, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing commission.

18 U.S.C. § 3582(c)(2). Thus, under Section 3582(c)(2), the analysis is twofold. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guideline range. *Dillon*, 560 U.S. at 826. Second, the Court must consider the applicable § 3553(a) factors and determine whether, in its discretion, such a reduction is consistent with policy statements issued by the Sentencing Commission. *Id.* at 827.

## ANALYSIS

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534 (Sept. 1, 2023). Amendment 821 is bifurcated into Parts A and B. Part B, which is the only potentially applicable part here, provides for a two-level reduction in the offense level for certain zero-point offenders with no criminal history and whose offense did not involve specified aggravating

factors. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023). Mr. Dorantes is a zero-point offender, but he received a two-level enhancement under U.S.S.G. § 3B1.1 for his role in the offense as an organizer, leader, manager, or supervisor. *See Presentence Investigation Report,* Dkt. 198, ¶ 43. For that reason, he does not qualify for a reduction. *See* U.S.S.G. § 4C1.1 (10) (disqualifying zero-point offenders from adjustment if the defendant received an aggravating-role adjustment under § 3B1.1).

## ORDER

**IT IS ORDERED that** Defendant's Motion for Reduction of Sentence (Dkt. 244) is **DENIED**.

DATED: October 24, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3