UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL ANGEL DORANTES,<br><br>Defendant. | Case No. 1:15-cr-00167-BLW-1<br><br>**MEMORANDUM DECISION & ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

## INTRODUCTION

Before the Court is Defendant Miguel Angel Dorantes' Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 239. After considering the briefing and record, the Court will deny the motion.

## BACKGROUND

Dorantes pleaded guilty to possession of a controlled substance with intent to distribute. On April 25, 2017, this Court sentenced him to 144 months' imprisonment. *See Judgment*, Dkt. 208. In February 2022, Dorantes sent the Court a letter asking for compassionate release. The Court denied the request because he had not exhausted his administrative remedies. *See* Dkt. 238. Dorantes has now filed a second motion for compassionate release, and this time he has exhausted his administrative remedies. *See* Dkts. 239 & 240. Dorantes is being held at a

residential reentry facility in Seattle, Washington, and his projected release date is October 22, 2025. *See* https://www.bop.gov/inmateloc/ (last visited Oct. 25, 2024).

## LEGAL STANDARD

Dorantes seeks early release or a sentence reduction under 18 U.S.C. 3582(c)(1)(A), which provides one narrow exception to the general rule that courts cannot modify previously imposed sentences of imprisonment. *See Dillon v. United States*, 569 U.S. 817, 824-25 (2010). To seek a sentence reduction, a defendant must, as a threshold matter, exhaust his administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Then, having done so, he must show that: (1) his request is consistent with the factors set forth in 18 U.S.C. § 3553(a) factors; (2) extraordinary and compelling reasons warrant a sentence reduction; and (3) a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). The defendant bears the burden of establishing that extraordinary and compelling reasons. *See United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998).

## ANALYSIS

As noted above, Dorantes' motion is properly before the Court now that he has exhausted his administrative remedies. The Court will deny the motion, however, because he did not identify an extraordinary and compelling reason warranting a sentence reduction. And even if he had, the factors set forth in 18

U.S.C. § 3553(a) weigh against a sentence reduction.

1.  **Dorantes has not identified "extraordinary and compelling" circumstances warranting a sentence reduction.**

In his effort to show an extraordinary and compelling circumstance, Dorantes recounts a September 2021 incident at a county jail in Oklahoma. He says a prison official there used excessive force by shooting him with rubber bullets to break up a confrontation with two members of a gang. *Mtn.*, Dkt. 239, at 4. The Court, he believes, "should feel compelled to give [him] some compassion" in light of that incident. *Id.* Dorantes says he doesn't necessarily want to litigate that claim within the context of this motion. *See Motion,* Dkt. 239, at 4 ( "Dorantes does not seek to argue his claims in that Court here, . . . ."). Rather, as far as that 2021 jailhouse incident is concerned, he mainly focuses on the impacts the incident had on his physical and mental health.

Nothing about the incident at the county jail amounts to an extraordinary or compelling reason warranting a sentence reduction. First, regarding the incident itself, Dorantes filed a civil-rights complaint in the Western District of Oklahoma. *See Dorantes v. Nye*, No. 5:22-cv-00050-D (W.D. Okla.). This Court has now reviewed many of the filings in that case, including the report prepared by the county jail, which suggests that Dorantes' allegations are inaccurate. In April 2024, the Oklahoma federal court entered judgment in favor of all defendants on all of

Dorantes' claims. *See Apr. 5. 2024 Judgment.*[1] Additionally, in responding to Dorantes' pending motion, the government noted that video recordings of the jailhouse brawl (which recordings are summarized in the report mentioned above) contradicted Dorantes' version of the event. *See Response,* Dkt. 242, at 3-4. Dorantes did not file a reply brief explaining the alleged discrepancies between his version of events and the video recordings. Nor has he otherwise responded to the government's version of the jailhouse incident. On this record, the Court concludes that the incident itself is not an extraordinary and compelling circumstance.

Likewise, the Court is not persuaded that any physical or mental effects of the incident present extraordinary and compelling circumstances. Dorantes did not submit any medical records in support of his claim. The government, by contrast, says that while BOP medical records show Dorantes had headaches shortly after the county jail incident, nothing in the records shows a condition so serious as to warrant a compassionate release under the "medical condition" subdivision of U.S.S.G. § 1B1.13(b)(1). The Court agrees.

Finally, Dorantes' efforts at rehabilitation—encouraging as they are in some respects—do not aid in establishing extraordinary and compelling circumstances.

---

[1] The Court takes judicial notice of that judgment and all filings in *Dorantes v. Nye,* No. 5:22-cv-00050-D (W.D. Okla.).

Most significantly, Dorantes has not been a model prisoner. *See Response,* Dkt. 242, at 2-3. He has had several write-ups while in prison—some serious, some less so. *See id.* These incidents belie Dorantes' argument that he has been adequately rehabilitated. From the Court's perspective, the most encouraging thing about Dorantes' rehabilitation efforts is the fact that he recently discovered a passion for cutting hair. He reports having spent countless hours cutting hair while in prison and says he hopes to open his own barber shop one day. *Motion,* Dkt. 239, at 3. The Court is encouraged by this and wishes Dorantes every success in that endeavor. But, on the whole, Dorantes' rehabilitation efforts have been mixed and they do not ultimately provide much support for his motion.

In sum, for all the reasons just explained, Dorantes has failed to demonstrate an extraordinary and compelling reason warranting a sentence reduction.

3. **The § 3553(a) factors do not support a sentence reduction.**

Moreover, even if Dorantes had shown an extraordinary and compelling reason, the § 3553(a) factors do not weigh in favor of a sentence reduction.[2] The

---

[2] The § 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant;" and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1)-(2).

Court has considered each of Dorantes' arguments on this front and finds them unpersuasive. He has not shown that a sentence reduction is justified considering the nature and circumstances of the offense or his history and characteristics. Nor has he convinced the Court that a sentence reduction would adequately reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, or provide him with needed correctional treatment. On the contrary, for all the reasons the Court expressed during the April 2017 sentencing hearing, *see Apr. 25, 2017 Transcript*, Dkt. 218, at 24-27, a 144-month sentence remains appropriate today, notwithstanding the passage of time. Accordingly, the Court will deny the motion.

## ORDER

**IT IS ORDERED** that Defendant Miguel Angel Dorantes' Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. 239) is **DENIED**.

DATED: October 25, 2024

B. Lynn Winmill
U.S. District Court Judge